(86 South. 281)

No. 22776.

BROWN et ux. v. LOUISIANA RY. & NAV. CO.

(June 30, 1920. Rehearing Denied Oct. 15, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Railroads** &copy;&rarr;398(3)—Evidence held insufficient to show negligence as to child.

Evidence *held* insufficient to prove that locomotive engineer saw or could have seen plaintiff's child on the track in time to avoid injury.

2. **Appeal and error** &copy;&rarr;987(4)—Supreme Court will defer to findings of jury, but will exercise own judgment to some extent.

In negligence cases the Supreme Court on appeal will defer to the judgment of the jury on findings of fact, but, under the Constitution, is compelled to consider questions of fact, and to some extent exercise its own judgment.

3. **Appeal and error** &copy;&rarr;1003—Verdict for plaintiffs in death action held not persuasive.

In parents' action for death of two year old child, verdict for plaintiffs *held* not persuasive in view of allowance to them of only $900 as compensation for loss and suffering endured, since the allowance of only such amount suggests strongly that the jurors themselves were doubtful as to whether any compensation should be allowed.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Action by Charles Brown and wife against the Louisiana Railway & Navigation Company. Judgment for plaintiffs, and defendant appeals. Judgment annulled, and suit dismissed.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellant.

S. C. Fullilove and D. C. Scarborough, both of Shreveport, for appellees.

O'NIELL, J. The defendant appeals from a judgment, based upon the verdict of a jury, allowing plaintiffs $1,800 damages for the death of their infant son, who was killed by a passenger train of the defendant company. The suit was for $25,000 damages, $12,500 for the grief and suffering inflicted directly upon the plaintiffs, and $12,500 for the pain and suffering endured by the child. The jury allowed $900 on each claim. Answering the appeal, plaintiffs pray that the amount allowed for the loss and suffering inflicted directly upon them be increased to $12,500, and that the allowance of $900 for the suffering endured by the child be affirmed.

The question of liability of the defendant depends entirely upon the question of fact whether the time and distance were sufficient for the engineer to stop his train and prevent the accident when the child appeared upon the track and within view of the engi-

neer. The accident occurred near the south end of a railroad bridge spanning a bayou. The train was going southward, at about 30 miles an hour. The track was straight for a distance of a mile or more above and below the bridge. A dirt road crossed the track 42 feet below the bridge. The child, less than two years old, had followed his mother from her home on the west side of the track along the road across the track to her father-in-law's home on the east side of the track. There she left the child and returned home. The child then left his grandfather's home and was returning home alone. He stopped at the east side of the track, at a point somewhere between the dirt road and the south end of the bridge, where he was struck by the train and killed. The railroad dump or roadbed is about 3½ or .4 feet high at the south end of the bridge, and slopes outward from the ends of the cross-ties about 16 feet, measured laterally, to the ends of the dump board. This dump board is what supports the end of the railroad embankment and prevents its caving into the bayou at the end of the bridge or trestle. The engineer and fireman on the locomotive testified that the child was so close behind the dump board, on the east side of the track, that he could not be seen from the cab of the locomotive until he walked out upon the track, at which time the train was too close to be stopped in time to avoid the accident. Plaintiffs, on the other hand, contend that the child was at a point about 6 feet north from the road, and therefore about 36 feet south from the dump board, when he was struck by the engine. If the child was in that position, he was in plain view and should have been seen by the engineer on the locomotive in time to stop the train and avoid the accident. It is admitted that the engineer blew for the crossing, giving the usual signal, at a point between 1,000 and 1,500 feet north from the crossing. A few seconds later, seeing the

child on the east edge of the track, he applied the emergency brake, and at the same time gave the alarm or danger signal, a succession of short blasts of the whistle. The train was stopped almost within its length, the rear end stopping at a point somewhere between the south end of the bridge and the crossing. The child was found at a point about 4 feet east from the track, somewhere between the crossing and the south end of the bridge. According to the various estimates of the witnesses, the position of the injured child was somewhere between 6 feet and 27 feet north from the crossing. There is therefore no doubt that the child was not on or very near the crossing when the train struck him. The only question is whether he was so far above the crossing, and therefore so near the railroad bridge that he was hidden from the engineer's view until the train was too close to avoid the accident. The testimony of the engineer and fireman is very positive that the child was so close behind the dump board that he could not be seen from the cab of the locomotive, and that when he walked out upon the cross-tie the train was only about 120 feet away, and could not then be stopped in time to avoid the accident. The only contradiction of their testimony is that of several witnesses for the plaintiffs, who undertook to estimate the time that elapsed between the blowing of the crossing signal and the sounding of the alarm or danger signal. Conceding that the train was more than 1,000 feet away from the child when the engineer blew for the crossing, and that he had seen the child when he sounded the alarm or danger signal, the witnesses for the plaintiffs attempted to prove that the time that elapsed between the blowing for the crossing and the sounding of the alarm or danger signal was so brief that the train must have been nearly 1,000 feet away, at least far enough to stop in time to avoid the accident, when the engi-

neer saw the child. But our opinion is that the estimates of the witnesses as to the time that elapsed between the blowing for the crossing and the sounding of the alarm or danger signal are not at all reliable. The unworthiness of such estimates or guesses is demonstrated by the fact that they varied from no time at all to 30 seconds. Going at 30 miles an hour, 44 feet a second, the train traveled 1,320 feet from the time the engineer blew for the crossing to the time he saw the child, if, as one of the witnesses for the plaintiffs testified, 30 seconds elapsed between the blowing for the crossing and the sounding of the alarm or danger signal.

[1] Our conclusion is that the plaintiffs have failed to prove that the engineer saw or could have seen the child in time to avoid killing him.

[2, 3] It is true we defer largely to the judgment of the jury on findings of fact in cases like this; but the Constitution compels us to consider questions of fact and exercise our own judgment thereof to some extent. The verdict of the jury in this case is not altogether persuasive, by reason of the meagerness of the amount of compensation allowed for the loss and suffering endured by the plaintiffs. They concede that the amount allowed for the pain and suffering endured by the child was sufficient, and the defendant contends that nothing should have been allowed for that claim, because the child did not regain consciousness during the few hours that he lived after being knocked senseless by the train. The allowance of only $900 as compensation for the loss and suffering endured by the parents suggests very strongly that the jurors themselves were doubtful whether any compensation should be allowed for that claim.

The judgment appealed from is annulled, and plaintiffs' demand is rejected, and their suit is dismissed at their cost.